```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM MCGRAW,

                Petitioner,

vs.                                Case No. 2:09-cv-60-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion For Review of Judgment Entered and/or Modify Sentence of State and Federal Imposed Term of Imprisonment (Doc. #1) filed on January 29, 2009. The United States filed its Response (Doc. #5) on May 28, 2009.

     On April 29, 2002, petitioner was sentenced in federal court in Case No. 2:01-cr-93-FtM-29DNF to 110 months imprisonment for possession with intent to distribute 5 or more grams of cocaine base, and 60 months consecutively for possession of a firearm in furtherance of a drug trafficking crime. No direct appeal was taken, and no petition under 28 U.S.C. § 2255 was filed.

     On August 6, 2002, defendant plead *nolo contendere* and was sentenced in state court. The state court judgment directed that the state sentence run concurrently with the federal prison

sentence petitioner was presently serving.  Petitioner asserts he is currently serving his sentence in a federal facility.

Petitioner now files a motion pursuant to 28 U.S.C. § 2241 and 2255 for "a Correction of the State and Federal term of imprisonment ordered to run Concurrent with the Federal term of imprisonment."  (Doc. #1, p. 1.)  It is not clear exactly what error Petitioner alleges in either the federal or the state judgments.  In any event, this Court has no jurisdiction under § 2255 because the motion was filed well more than one year after the federal conviction became final.  The Court also has no jurisdiction under § 2241.  The availability of habeas relief pursuant to 28 U.S.C. § 2241 is a question of law.  <u>Dohrmann v. United States</u>, 442 F.3d 1279, 1280 (11th Cir. 2006).  The applicable legal principles are well settled:

> Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion.  The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  [ ]  The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. [ ]
>
> The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241. [ ]  The savings clause only

-2-

applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." [ ].

Dukes v. United States, 189 Fed. Appx. 850, 851 (11th Cir. 2006)(internal citations omitted). If there was a sentencing error, petitioner could have filed a petition under § 2255, but failed to do so. Therefore, he may not now utilize § 2241.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion For Review of Judgment Entered and/or Modify Sentence of State and Federal Imposed Term of Imprisonment (Doc. #1) is **DISMISSED**. The Clerk of the Court shall enter judgment accordingly and close the file.

2. The Clerk of the Court shall file a copy of this Opinion and Order in Case No. 2:01-cr-93-FtM-29DNF.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June, 2009.

                                                                                    /s/ John E. Steele
                                                                                    JOHN E. STEELE
                                                                                    United States District Judge

Copies:
Counsel of Record
William McGraw